IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAMU CRITTLE, 15069-111, | ) |
| Plaintiff(s), | ) No. C 13-0625 CRB (PR) |
| v. | ) ORDER OF SERVICE |
| BELEN EZAZ, M.D., et al., | ) |
| Defendant(s). | ) |

Plaintiff, a federal prisoner at the United States Penitentiary in Lompoc, California (USP – Lompoc), has filed a pro se First Amended Complaint (FAC) under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), alleging that, while he was a pretrial detainee at the Federal Detention Center in Dublin, California (FDC – Dublin), prison medical staff delayed providing him with adequate medical care for a hand and wrist injury he sustained after falling off his bunk bed.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and its progeny, plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for replacement of state actor under § 1983 by federal actor under Bivens).

B.     Legal Claims

Plaintiff alleges that medical staff at FDC – Dublin, which is part of the larger Federal Correctional Institution in Dublin, California (FCI – Dublin), delayed for months providing him with adequate medical care for a hand and wrist injury despite his repeated pleas for help from both medical staff and from other prison officials.  Plaintiff alleges that the delay in getting adequate medical care caused irreparable damage to his hand and wrist, and subjected him to constant and excruciating pain.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).[1]  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the

---

[1] Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

2

"unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).[2]

Liberally construed, plaintiff's allegations state a cognizable § 1983 claim for damages for deliberate indifference to serious medical needs against the named FCI – Dublin defendants – Belen Ezaz, Randy Tews, Ms. Basile, A. W. Syed, V. Bautista and Raul Cespedes – and will be ordered served on them.  See McGuckin, 974 F.2d at 1062 (deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care).[3]

The instant action will be limited to plaintiff's claim for damages against named FCI – Dublin defendants.  To whatever extent plaintiff seeks injunctive relief in the form of specific medical care at USP – Lompoc, plaintiff must seek such relief by filing a separate action in the United States District Court for the Central District of California, in whose venue USP – Lompoc (Santa Barbara County) lies.  See 28 U.S.C. § 84(c)(2).

---

[2] Neither negligence nor gross negligence can establish liability under the Eighth Amendment.  Farmer, 511 U.S. at 835-36 & n.4.  An "official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment."  Id. at 838.

[3] Plaintiff cannot proceed against a Doe defendant unless he first identifies the Doe defendant and amends his complaint to add him/her as a named defendant.  Plaintiff will be afforded 60 days from the date of this order to do so.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants).

3

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC (docket #19) in this matter, all attachments thereto, and copies of this order on the named defendants at FCI – Dublin. The clerk also shall serve a copy of the summons and FAC on defendants' counsel, the United States Attorney for the Northern District of California, and on the Attorney General of the United States in Washington, D.C. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust

1 available administrative remedies).

2 If defendants are of the opinion that this case cannot be resolved by
3 summary judgment or other dispositive motion, they shall so inform the court
4 prior to the date their motion is due.  All papers filed with the court shall be
5 served promptly on plaintiff.

6       b.     Plaintiff must serve and file an opposition or statement of
7 non-opposition to the dispositive motion not more than 28 days after the motion
8 is served and filed.

9       c.     Plaintiff is advised that a motion for summary judgment
10 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
11 case.  Rule 56 tells you what you must do in order to oppose a motion for
12 summary judgment.  Generally, summary judgment must be granted when there
13 is no genuine issue of material fact – that is, if there is no real dispute about any
14 fact that would affect the result of your case, the party who asked for summary
15 judgment is entitled to judgment as a matter of law, which will end your case.
16 When a party you are suing makes a motion for summary judgment that is
17 properly supported by declarations (or other sworn testimony), you cannot simply
18 rely on what your complaint says.  Instead, you must set out specific facts in
19 declarations, depositions, answers to interrogatories, or authenticated documents,
20 as provided in Rule 56(e), that contradicts the facts shown in the defendant's
21 declarations and documents and show that there is a genuine issue of material
22 fact for trial.  If you do not submit your own evidence in opposition, summary
23 judgment, if appropriate, may be entered against you.  If summary judgment is
24 granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
25 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

26 Plaintiff also is advised that a motion to dismiss for failure to exhaust

28     5

available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

        d.      Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

        e.      The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure

30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Nov. 8, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Crittle, A.13-0625.serve.wpd

7